UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-246-F

| | |
|---|---|
| CHELSEA ELIZABETH GREENE, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, ) | |
| Defendant. ) | |

This matter is before the court on Defendant's Motion to Dismiss [DE-9]. Plaintiff filed a Memorandum in Opposition to the Motion to Dismiss [DE-12], to which Defendant filed a Reply [DE-13]. This matter is ripe for disposition. For the reasons more fully stated below, the Motion to Dismiss is ALLOWED.

## I. STATEMENT OF THE CASE

Plaintiff ("Greene") filed the instant claim under the Federal Torts Claim Act, 28 U.S.C. § 2671, *et seq.*, on April 24, 2014 [DE-2]. She argues that the actions of federal government employees on several occasions give rise to a claim for "negligent failure to prosecute." Compl. [DE-2] ¶¶ 32-38.

On January 5, 2007, Greene filed a complaint in the United States District Court for the Western District of North Carolina ("WDNC") against her former employer, Omni Visions, Inc. ("Omni"), pursuant to the *qui tam* provisions of the False Claims Act. Pl.'s Opp. to Mot. to Dismiss [DE-12] at 2; Mem. in Support of Def.'s Mot. to Dismiss, Ex. 1 [DE-10-1]. She alleged that Omni had engaged in fraudulent billing practices. Compl. ¶ 17-18. On August 29, 2007, the

U.S. Attorney for the WDNC declined to intervene in the action, and Greene subsequently took a voluntary dismissal. Mem. in Support of Def.'s Mot. to Dismiss, Ex. 1 [DE-10-1]. She claims that Omni, along with other of her employers, terminated her employment in response to bringing the *qui tam* action. Compl. ¶ 20.

On March 26, 2009, Greene filed an administrative complaint against Omni with the U.S. Department of Labor ("DOL"), alleging that the company violated the whistleblower protections of the Sarbanes-Oxley Act. Mem. in Support of Def.'s Mot. to Dismiss, Ex. 2 [DE-10-2] at 1-3. An administrative law judge dismissed the case based on Greene's late filing, and the DOL's Administrative Review Board upheld the decision. *Id.* at 8. After the Fourth Circuit affirmed the dismissal (Case No. 11-1550), Greene filed a writ of certiorari seeking review by the United States Supreme Court. Mem. in Support of Def.'s Mot. to Dismiss, Ex. 3 [DE-10-3]. On March 15, 2012, the Solicitor General waived his right to respond to the petition, and the Supreme Court subsequently declined to review the case. *Id.*

Greene commenced an administrative tort claim against the DOL and the U.S. Department of Justice ("DOJ") on September 10, 2012, alleging negligent handling of her *qui tam* action and whistleblower appeal. Mem. in Support of Def.'s Mot. to Dismiss, Ex. 4 [DE-10-4]. Throughout the following year, Greene contacted the DOJ several times requesting updates on the status of her claim. Compl. ¶¶ 28-30. She received communications indicating that either no determination had been made or that no status report was available. *Id.* Greene, pursuant to 28 U.S.C. § 2675, deemed her claim to be constructively denied and filed this action. *Id.* ¶ 31.

Greene contends that Defendant ("the Government") "owed [her] a duty to protect her under the various federal whistleblower laws . . . ." Compl. ¶ 33. She argues that the

2

Government breached that duty by failing to 1) intervene in the *qui tam* action and prosecute Omni; 2) submit a waiver and respond to her petition for certiorari in the whistleblower action; and 3) make a timely determination regarding her tort claim. *Id.* ¶ 34. Greene alleges that this "negligent failure to prosecute" directly and proximately caused her reputational damage and emotional distress, and resulted in lost wages. *Id.* ¶¶ 37-38.

The Government asserts several defenses, including the statute of limitations and failure to state a claim upon which relief can be granted. Mem. in Support of Def.'s Mot. to Dismiss [DE-10] at 5-8.

## II. ANALYSIS

### A. Legal Standard

Defendants move to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A district court should allow a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir.1999) (internal citation omitted). In considering a motion to dismiss based on Rule 12(b)(1), the court is "to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.*

Rule 12(b)(6) permits a court to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint need only contain

3

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A 12(b)(6) motion should only be granted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, a complaint that proffers only "a formulaic recitation of the elements of a cause of action" with no "further factual enhancement" is insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). To survive dismissal, a party must come forward with "enough facts to state a claim to relief that is plausible on its face." *Id.* at 548. The plausibility standard is met "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The court must accept as true all well-pleaded allegations and must draw all reasonable factual inferences in favor of the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Myan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

A court may consider documents not attached to a complaint without converting a Rule 12(b)(6) motion into a summary judgment motion when such documents are "integral to and explicitly relied on in the complaint and [where] the [plaintiff does] not challenge [the documents'] authenticity." *Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Defendants may attach such documents to a motion to dismiss without converting it into a summary judgment motion. *Gasner v. Cnty of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) (allowing the defendant to attach a "pertinent document" to its motion to dismiss without converting the motion into one for summary judgment). Accordingly, the court will consider documents from the related cases that Greene cites in her complaint, which the Government has

attached to its Memorandum in Support of its Motion to Dismiss.

**B.     Standing**

Although the Government has not challenged Greene's standing, the court must consider the issue *sua sponte* when necessary. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 488 n.4 (1980); *Dan River, Inc. v. Unitex Ltd.*, 624 F.2d 1216, 1223 (4th Cir. 1980). To establish standing, "a plaintiff must allege (1) an injury in fact which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks and citations omitted). If the plaintiff has no standing, the court lacks the necessary subject matter jurisdiction. *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) ("[T]he defect of standing is a defect in subject matter jurisdiction.").

In *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 39 (D.D.C. 2012) *aff'd*, No. 12-5298, 2013 WL 1733710 (D.C. Cir. Mar. 22, 2013), a plaintiff brought suit against the Solicitor General for waiving her right to respond to plaintiff's certiorari petition before the Supreme Court. The plaintiff alleged that this led to the Supreme Court's denial of his petition. *Id.* at 39-40. The court held that "[the] injury was not 'fairly . . . traceable' to the challenged actions of the defendants, because the Supreme Court, not the Solicitor General, denied plaintiff's petition for certiorari." *Id.* at 41. Thus, the court found that the plaintiff lacked standing. *Id.* at 42.

In the instant case, the DOL Administrative Review Board dismissed Greene's administrative complaint alleging that Omni violated the whistleblower provisions of the Sarbanes-Oxley Act. Mem. in Support of Def.'s Mot. to Dismiss, Ex. 2 [DE-10-2], at 8. After

5

Case 5:14-cv-00246-F   Document 14   Filed 09/24/14   Page 5 of 12

losing on appeal, Greene filed a certiorari petition seeking review in the Supreme Court. Mem. in Support of Def.'s Mot. to Dismiss, Ex. 3 [DE-10-3]. The Supreme Court denied her petition, *id.*, and Greene now alleges that the Solicitor General's "[failure] to submit a waiver and respond to the petition . . . resulted in the denial."[1] Compl. ¶ 34c.

The court finds that, with regard to this allegation, Greene lacks standing. Greene has alleged no facts that would establish the necessary causal connection between her injury — the Supreme Court's denial of her certiorari petition — and the conduct complained of — the Solicitor General's failure to submit a waiver or respond to her petition. To the extent that Greene's claim for "negligent failure to prosecute" arises out of the Solicitor General's omission, it is DISMISSED for lack of standing.

C.     **Statute of Limitations**

"It is well established that the United States, as sovereign, is immune from suit unless it consents to be sued." *Gould v. United States Dep't of Health and Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990). "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Accordingly, when sovereign immunity prevents a plaintiff from recovering, a court lacks subject matter jurisdiction to hear the plaintiff's claims. *Id.*

The FTCA acts as a limited waiver of sovereign immunity, but it "permits suit only on terms and conditions strictly proscribed by Congress." *Gould*, 905 F.2d at 741. One of those

---

[1] The court notes that, according to the Supreme Court docket, the Solicitor General did indeed file a waiver of right to respond. Mem. in Support of Def.'s Mot. to Dismiss, Ex. 3 [DE-10-3].

conditions is strict compliance with the Act's statute of limitations period. *See Muth v. United States*, 1 F.3d 246, 249 (4th Cir. 1993). A plaintiff must file an administrative tort claim within two years after the cause of action accrues, or else be "forever barred" from bringing the claim. 28 U.S.C. § 2401(b); *see also Gould*, 905 F.2d at 741.

The Government contends that Greene's claim, as it pertains to the U.S. Attorney for the WDNC's failure to intervene and prosecute Omni under the False Claims Act, falls outside of the FTCA's prescribed statute of limitations.[2] Mem. in Support of Def.'s Mot. to Dismiss [DE-10] at 6. Thus, the Government maintains, this allegation "is time-barred and must be dismissed for lack of subject matter jurisdiction." *Id.* Greene argues that this allegation is not time-barred because it involves a "continuing wrong," in which case the statute of limitations begins to run from the last day of the continuing offense. Pl.'s Opp. to Mot. to Dismiss [DE-12] at 6-7.

A "continuing offense" is a wrong that is part of an ongoing scheme or plan, as opposed to a discrete occurrence. *See Rodrigue v. Olin Emps. Credit Union*, 406 F.3d 434, 441, 443 (7th Cir. 2005). "To establish a continuing violation[,] the plaintiff must establish that the . . . illegal act was a fixed and continuing practice." *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991) (internal quotation marks and citation omitted). This doctrine serves to assist plaintiffs in situations where it is difficult "to discern at any particular point during that time the wrongful and injurious nature of the defendant's conduct." *Rodrigue*, 406 F.3d at 445. For a "continuing offense," the statute of limitations "begins anew with each violation." *Nat'l Advert Co.*, 947 F.2d at 1167 (internal quotation marks and citation omitted).

---

[2] Defendant concedes that Greene's allegations regarding the Government's failure to submit a waiver or respond to her certiorari petition and failure to make a timely determination on her tort claims are not time-barred. Mem. in Support of Def.'s Mot. to Dismiss [DE-10] at 6.

7

Greene argues that the Government's failure to properly prosecute her claim against Omni constituted a continuing offense "[b]ecause the injury caused by Defendant[] . . . was not a one-time injury." Pl.'s Opp. to Mot. to Dismiss [DE-12] at 7. Greene filed her administrative tort claim on September 10, 2012. *Id.* As of September 10, 2010, the Government's "negligent failure to prosecute" was ongoing, and therefore, Greene argues, her claim is not barred by the FTCA's two-year statute of limitations. *Id.*

The court agrees with the Government that the alleged acts do not amount to a continuing offense. The U.S. Attorney's Notice of Election to Decline Intervention in Greene's *qui tam* action against Omni was filed in the U.S. District Court for the WDNC on August 29, 2007. Mem. in Support of Def.'s Mot. to Dismiss, Ex. 1 [DE-10-1]. This put Greene on notice that the Government did not intend to prosecute Omni in her *qui tam* action. The U.S. Attorney's denial to intervene was a discrete occurrence disconnected from Greene's other allegations, which relate to government action taken by other attorneys that had no involvement in her *qui tam* action. Greene has failed to establish that the alleged government acts amounted to a fixed and continuing practice of "negligent failure to prosecute."

Greene's claim arising out of the alleged failure of the U.S. Attorney of the WDNC to intervene and prosecute Omni under the False Claims Act accrued in 2007. Because her administrative tort claim was not filed until September of 2012, Greene's allegations pertaining to this occurrence are time-barred.

**D.     Failure to State a Claim**

Under the FTCA, "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. A claim

8

Case 5:14-cv-00246-F   Document 14   Filed 09/24/14   Page 8 of 12

under the FTCA is derived from applicable state law. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477-78. Thus, in the instant case, the Government will be liable to the extent that its employees would be liable under applicable North Carolina law.

Under North Carolina law, an attorney can be held liable for negligently prosecuting a client's civil claim under a legal malpractice theory. *See Rorrer v. Cooke*, 329 S.E.2d 355, 358 (N.C. 1985); *Hodges v. Carter*, 80 S.E.2d 144, 145-46 (N.C. 1954). A legal malpractice claim is predicated upon the existence of an attorney-client relationship, which does not depend on a formal contract or express verbal agreement, but can be reasonably inferred from the circumstances. *See Rorrer*, 329 S.E.2d at 366; *Broyhill v. Aycock & Spence*, 402 S.E.2d 167, 172 (N.C. Ct. App. 1991).

Greene argues that, with regard to all of her allegations, the existence of an attorney-client relationship between her and the involved government attorneys can be inferred. Pl.'s Opp. to Mot. to Dismiss [DE-12] at 9. She maintains that she "reasonably relied on [the Government] to prosecute her case with due care" and that the Government breached its duty by failing to 1) intervene and prosecute Omni in her *qui tam* action under the False Claims act; 2) submit a waiver and respond to her certiorari petition seeking discretionary review of her whistleblower claim; and 3) make a timely final determination regarding her administrative tort claim. *Id.* at 9-10.

The court disagrees, and finds that she has failed to allege sufficient facts to support the existence of an attorney-client relationship between her and the government attorneys involved in her cases. The court will address Greene's allegations as to each attorney's office in turn.

9

**1. The U.S. Attorney's failure to intervene and prosecute Omni in Greene's *qui tam* action under the False Claims Act**

Even if Greene's claim regarding the *qui tam* action was not time-barred, she has failed to state a valid claim for relief. Greene has failed to allege sufficient facts that would establish an attorney-client relationship between her and the U.S. Attorney that declined to intervene in the case.

First, as a *qui tam* relator, Greene was represented by independent counsel, who withdrew only after the Government declined to intervene. Mem. in Support of Def.'s Mot. to Dismiss, Ex. 1 [DE-10-1]. Being represented by her own counsel, no attorney-client relationship between her and the U.S. Attorney can reasonably be inferred.

Second, as the Government rightly points out, an attorney-client relationship between the government and a *qui tam* relator would give rise to several ethical violations under the North Carolina Rules of Professional Conduct. Under the False Claims Act, the Government is not bound by any act of the relator, and has the right to dismiss or settle a case over the objection of the relator. 31 U.S.C. § 3730(c). Such action would violate North Carolina Rule of Professional Conduct 1.2, which requires attorneys to "abide by a client's decision concerning the objectives of representation," and "a client's decision whether to settle a matter." An attorney-client relationship between the U.S. Attorney and Greene, as a *qui tam* relator, cannot be inferred in these circumstances. Accordingly, the Government owed Greene no duty to intervene in the action or prosecute Omni under the False Claims Act.

## 2. The Solicitor General's involvement in Greene's certiorari petition

Even assuming Greene has standing to bring a claim based on the Solicitor General's alleged failure to submit a waiver or respond to her certiorari petition, Greene has failed to present any facts that could plausibly establish an attorney-client relationship between her and the Solicitor General. The Solicitor General represented the DOL — the very agency which had denied her administrative whistleblower claim for which she was seeking review in the Supreme Court. Mem. in Support of Def.'s Mot. to Dismiss, Ex. 3 [DE-10-3]. The Solicitor General stood adverse to Greene in this proceeding, and owed her no duty to "prosecute [her] claim[] with due care." Pl.'s Opp. to Mot. to Dismiss [DE-12] at 9. Because no attorney-client relationship can be inferred, Greene cannot maintain a claim predicated upon the legal malpractice of the Solicitor General.

## 3. The Government's failure to make a final determination regarding Greene's administrative tort claims

Greene filed an administrative tort claim with the DOJ and DOL alleging negligence in the handling of her *qui tam* and whistleblower cases. Mem. in Support of Def.'s Mot. to Dismiss, Ex. 4 [DE-10-4]. She received no final determination of her claim before filing the instant action. Pl.'s Opp. to Mot. to Dismiss [DE-12] at 2. Greene now argues that the Government breached its duty to "prosecute [her] claims with due care, as required by the federal whistleblower statutes" by "failing to make a determination [regarding her tort claims] in a timely manner." *Id.* at 9; Compl. ¶ 34d.

To the extent that Greene alleges an attorney-client relationship between herself and the government attorneys evaluating her administrative tort claims, the court finds no facts to support

11

the existence of such a relationship. The fact that her tort claims were adverse to the DOJ and DOL precludes a reasonable inference that she formed an attorney-client relationship with the DOJ or DOL attorneys. Greene has also failed to allege how the government attorneys evaluating her tort claims could have owed her any duty with respect to the prosecution of her whistleblower claims. Consequently, this allegation falls short of stating a valid claim for negligent failure to prosecute.

### III. CONCLUSION

Greene lacks standing to challenge the Solicitor General's alleged failure to submit a waiver or respond to her certiorari petition. Additionally, her claim relating to the Government's failure to intervene and prosecute Omni in her *qui tam* action is barred by the FTCA's statute of limitations. To the extent that Greene has standing and her claims are not time-barred, Greene has failed to state a valid claim for negligent failure to prosecute. Accordingly, the Government's Motion to Dismiss [DE-9] is ALLOWED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 24 day of September, 2014.

James C. Fox
Senior United States District Judge